# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shaun Peppers | : |
| 927 Gordon Street Apt. 2 | : |
| Allentown, PA 18102 | : |
|     Plaintiff | : |
|   vs. | :   CIVIL ACTION NO. |
| Emcor Group, Inc. | : |
| 301 Merritt Seven | : |
| Norwalk, CT 06851 | : |
|     Defendant | : |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

**I.** **PARTIES**

1. Plaintiff, Shaun Peppers, is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein at at the above captioned address.

2. Defendant, Emcor Group, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Connecticut, with a corporate headquarters and principal place of business located therein at the above captioned address. Emcor Group, Inc. is a citizen of Connecticut for purposes of diversity jurisdiction.

3. At all times relevant hereto, the Defendants acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendant.

**II.** **JURISDICTION AND VENUE**

4. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

5. The amount in controversy in this action is in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the district.

### III. STATEMENT OF CLAIMS

7. On or about May 2, 2011, the Defendant acted by and through their agents, servants, workmen, employees and/or other representatives, acting in the course and scope of their employment with the defendant, owned, operated, controlled, leased, inspected, possessed, managed and maintained the property of the Call Center for Wells Fargo Bank located at 256 Lehigh Street, Allentown, PA 18102.

8. On or about May 2, 2011, and for a long time prior thereto, it was the duty of the Defendant by and through their respective agents, servants, workmen and/or other employees, to keep and maintain the aforementioned premises in a reasonably safe condition for persons lawfully upon the premises, such as the plaintiff, Shaun Peppers.

**COUNT I**
**SHAUN PEPPERS V. EMCOR GROUP, INC.**
**NEGLIGENCE**

9. Plaintiff hereby incorporates by reference paragraphs one (1) through eight (8) of the within Complaint, as thought the same were fully set forth at length herein.

10. On or about May 2, 2011, the Plaintiff was attempting to traverse inside the property located at 256 Lehigh Street, Allentown, PA 18102 in the scope of his employment for Wells Fargo, when, suddenly and without warning, and as a direct result of the defective and/or dangerous condition of the wet floor, the Plaintiff slipped and fell, thereby causing the Plaintiff

to sustain various severe and permanent bodily injuries, scarring and losses more fully set forth herein.

11. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Emcor Group, Inc., by and through its agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their agency, employment and/or service, and was in no manner due to any act or failure to act on the part of the Plaintiff, Shaun Peppers.

12. The negligence and carelessness of the Defendant, by and through its agents, servants, workmen, employees and/or other representatives, consisted of the following:

(a) carelessly and negligently allowing the floor to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the plaintif;

(b) carelessly and negligently failing to inspect the floor in such a manner as to identify defects and prevent potential bodily injury;

(c) carelessly and negligently failing to recognize the wet floor which caused plaintiff's fall;

(d) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to individuals lawfully walking in the defendant's premises;

(e) failure to ensure that the floor could be walked upon in a manner which would not cause a danger to potential third parties, such as the plaintiff;

(f) failing to adequately and timely repair defects to said premises, more specifically failing to dry the wet floor;

(g) failing to properly light said premises;

(h) failing to correct a dangerous and hazardous condition of which defendant was aware or should have been aware;

(i) failing to warn people traveling on the property of the defendant of the aforesaid dangerous condition or conditions;

(j) otherwise failing to provide a safe place for pedestrians, such as the plaintiff, while traveling on the defendant's premises;

(k) negligence by virtue of the doctrine of *respondeat superior*;

(l) negligence by virtue of the doctrine of *res ipsa loquitur;*

13. As a result of the aforesaid negligence and carelessness of Defendant, Emcor Group, Inc., Plaintiff suffered permanent and serious bodily injuries including, but not limited to, injuries to post-concussion syndrome, closed head injury, subscapular injury and pelvic injury as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe physical pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great loss and detriment.

14. Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and will incur such expenditures for an indefinite time in the future as a result of the aforesaid negligence of the Defendant.

15. In addition, Plaintiff has in the past and may in the future suffer a loss and/or depreciation of his earnings and/or earning power, and he may incur such loss and/or depreciation for an indefinite period in the future as a result of the aforesaid negligence of the Defendant.

16. Further, by reason of the aforesaid incident, Plaintiff has and/or may hereinafter incur other financial expenses in an effort to treat and cure himself of the injuries sustained in the aforesaid incident.

17. As a result of the Defendant's aforesaid negligence, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

18. As a further result of the Defendant's aforesaid negligence, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

19. Plaintiff has also suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future, as a result of the aforesaid incident.

WHEREFORE, Plaintiff, Shaun Peppers, demands judgment against Defendant, Emcor Group, Inc., in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

The sum sued upon is in excess of the amount requiring submission to arbitration.

Respectfully,

**SWARTZ CULLETON PC**

BY: **/s/Brandon Swartz**
Brandon A. Swartz, Esquire
Attorney for Plaintiff,
Shaun Peppers

Date:  March 15, 2012